Slip Op. 07-120

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MITTAL STEEL POINT LISAS LTD., | |
| Plaintiff, | BEFORE: Pogue, Judge |
| v. | Court No. 05-00681 |
| UNITED STATES | |
| Defendant, | |
| GERDAU AMERISTEEL CORP. AND KEYSTONE CONSOLIDATED INDUSTRIES, INC. | |
| Defendant-Intervenors. | |

## MEMORANDUM OPINION

In <u>Carbon and Certain Alloy Steel Wire Rod from Trinidad & Tobago</u>, 70 Fed. Red. 69,512 (Dep't Commerce Nov. 16, 2005)(notice of final results of antidumping duty administrative review) and its corresponding "Issues and Decisions Memorandum" dated November 16, 2005, the Department of Commerce ("Commerce") calculated a constructed export price ("CEP") for Mittal Steel Point Lisas Ltd.'s ("Mittal's") U.S. sales by, <u>inter alia</u>, deducting credit expenses for the time period between shipment from the port in Trinidad & Tobago and the date payment was received. Although this was consistent with Commerce's general practice of using the date of shipment as the date of sale for purposes of calculating credit expenses, it was inconsistent with Commerce's actions in other

sections of the administrative review, where Commerce had treated Mittal's later date of invoice, rather than the date of shipment, as the date of sale. Accordingly, the court granted the government's motion for partial voluntary remand in order to address this issue, instructing Commerce to "determine the date on which credit expenses should begin to run, keeping in mind its previous determination in this review that the material terms of sale are not set until Mittal issues an invoice," and permitting Commerce to "reassess its decision regarding inventory carrying costs in light of its reconsideration of credit expenses." <u>Mittal Steel Point Lisas Ltd. v. United States</u>, 31 CIT __, Slip Op. 07-60 at 22, 24 (Apr. 24, 2007).

On remand, Commerce found that because it had used the date of invoice as the date of sale in this review, it was appropriate to calculate credit expenses from the date of invoice, rather than the date of shipment. Commerce further recalculated Mittal's carrying costs to reflect the date of sale occurring on the date of invoice. Mittal submitted comments indicating its agreement with Commerce's determination of credit expenses and subsequent recalculation of CEP, and with Commerce's determination of carrying costs.

This court, having received and reviewed Commerce's Remand Results and Mittal's comments in response thereto,[1] finds that

---

[1] Defendant-Intervenors filed no comments on the remand results.

Commerce duly complied with the court's remand order.   Therefore, it is hereby

   ORDERED that the remand results filed by Commerce on June 21, 2007 are affirmed in their entirety.   Judgment will be entered accordingly.

                                        /s/ Donald C. Pogue
                                        Donald C. Pogue, Judge

Dated:      August 8, 2007
            New York, New York

Slip Op. 07-120

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MITTAL STEEL POINT LISAS LTD., | |
| Plaintiff, | |
| v. | BEFORE: Pogue, Judge |
| UNITED STATES | Court No. 05-00681 |
| Defendant, | |
| GERDAU AMERISTEEL CORP. AND KEYSTONE CONSOLIDATED INDUSTRIES, INC. | |
| Defendant-Intervenors. | |

### JUDGMENT

This action having been duly submitted for decision, and this court, after due deliberation, having rendered a decision herein; now, in conformity with that decision, it is hereby

ORDERED that the remand results filed by the Department of Commerce on June 21, 2007 are affirmed in their entirety.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated:    August 8, 2007
         New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: August 8, 2007        By: /S/ Geoffrey Goell
                                 Deputy Clerk